**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-20006

Summary Calendar

_____

MARINA N. HERNANDEZ,

Plaintiff - Appellant,

v.

METROPOLITAN TRANSIT AUTHORITY; TOM LAMBERT, in his Individual and official Capacity; MILTON O'GILVEY, in his Individual and Official Capacity; ARVIS ASKEW, in his Individual and Official Capacity; MARVIN LEDET, in his Individual and Official Capacity; MARVIN LEDET, in his Individual and Official Capacity; JEVETTA PRICE DAVIS, in her Individual and Official Capacity,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas

H-97-CV-3917

_____

July 12, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges:

PER CURIAM:[*]

Appellant Marina Hernandez, a former Metropolitan Police Officer, was terminated after an investigation was concluded involving the loss of her weapon, the second such infraction in a

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

four-month period. The investigators concluded that Hernandez was intoxicated at the time she lost her weapon in violation of Metro policies and rules. Following her termination, Hernandez brought suit against her former employer, the Metropolitan Transit Authority; a former supervisor, Tom Lambert; and three former co-workers, Marvin Ledet, Arvis Askew, and Jevetta Price Davis, asserting deprivations of her constitutional rights based on gender and race in violation of Title VII, 42 U.S.C. § 1983, various state civil rights statutes, and state common law. The district court granted summary judgment in favor of the defendants on all of Hernandez's claims. Hernandez appeals the grant of summary judgment and the denial of an earlier motion to compel discovery. Because we believe the merits of all the Appellant's claims were satisfactorily addressed by the district court and no reversible error was committed, we AFFIRM the grant of summary judgment.

Furthermore, the district court did not err in granting summary judgment without discussion on Appellant's alleged claims under *Miranda v. Arizona,* 384 U.S. 436 (1966), and *Garrity v. New Jersey,.* 385 U.S. 493 (1967). These alleged claims are not set forth in Appellant's pleadings, and even if they were, the courts have not interpreted either case as providing a civil cause of action. *See, e.g., Jones v. Cannon,* 174 F.3d 1271, 1291 (11th Cir. 1999); *Warren v. City of Lincoln, Neb.,* 864 F.2d 1436, 1442 (8th Cir. 1989) ("The reading of *Miranda* warnings is a procedural

2

safeguard rather than a right arising out of the fifth amendment itself.... Thus, the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self[-]incrimination, not a section 1983 action"). According to Hernandez's complaint, her Fifth and Fourteenth Amendment claims stem from alleged violations of her constitutional right "to equal protection of the laws," and "discrimination on the basis of sex." The merits of Hernandez's gender and race-based claims were thoroughly addressed by the district court in its memorandum opinion and order granting summary judgment. We AFFIRM the entry of judgment for the Appellees on Hernandez's Fifth and Fourteenth Amendment claims.

Finally, Appellant has failed to demonstrate that the district court committed an abuse of discretion by denying her belated and wide-ranging motion to compel discovery as to materials that were either unavailable or had never been previously requested during the almost two-year discovery period. We AFFIRM the denial of Appellant's motion to compel.